UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

IN RE MANSON CONSTRUCTION                CIVIL ACTION
CO.
                                         NO: 11-3041 C/W
                                         11-3092

                                         SECTION: "J" (2)

                               **ORDER**

   Before the Court are Defendants BP Exploration & Production Inc. and BP America Production Company ("BP")'s **Motion for Summary Judgment (Rec. Doc. 141)**,[1] Defendants Great Lakes Dredge & Dock Co., LLC, GATX Third Aircraft Corp., CEF 2002, LLC, and Manson Construction Co. ("the Dredge Defendants")'s **Motion for Joinder, Summary Judgment, and Motion to Dismiss (Rec. Doc. 151)**, Plaintiffs' opposition to both **(Rec. Doc. 157)**,[2] and BP and the

---

[1] The following Third-Party Defendants have joined in BP's motion: Weeks Marine, Inc., BFM Corporation, LLC, Coastal Planning & Engineering, Inc., Shaw Environmental & Infrastructure, Inc., Shaw Group, Inc., C.F. Bean, LLC, CH2M Hill, Inc., John Chance Land Surveys, Inc., and Stuyvesant Dredging Company (See Rec. Docs. 142, 143, 144, 148, 149, 150, 152, and 153).

[2] Plaintiffs in this case are oyster leaseholders who hold oyster leases off the coast of Plaquemines Parish. Specifically, Pelican Island Oysters, Inc., Mitchell B. Jurisich, Sr., Mitchell Jurisich, Jr., Frank Jurisich, Althea Jurisich, Dannell Jurisich, Gulf Wave Oysters, Inc., Gulf Star Oysters, Inc., Little Mitch, Inc., Little Frank, Inc., Shell Island, Inc., Bayou Canard, Inc., Grasshopper Oysters, Inc., Prince Charming, Inc., Jurisich Oysters, L.L.C., and

Dredge Defendants' replies to same **(Rec. Docs. 164, 162, respectively)**. Defendants' motions were set for hearing March 13, 2013, on the briefs. The Court, having considered the motions and memoranda of counsel, the record, and the applicable law, finds that BP's Motion for Summary Judgment should be **GRANTED**. Likewise, to the extent that the Dredge Defendants' motion has requested joinder in BP's Motion for Summary Judgment and seeks dismissal on the grounds outlined in BP's motion, the Dredge Defendants' motion is also **GRANTED.** As the Court's summary judgment ruling is dispositive, the Court declines to consider all other arguments and requests outlined in the Dredge Defendants' motion.

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (citing former FED. R. CIV. P. 56(c)); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or

---

G.I. Joe, Inc.

weighing the evidence." <u>Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.</u>, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. <u>Little</u>, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." <u>Delta</u>, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" <u>Int'l Shortstop, Inc. v. Rally's, Inc.</u>, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." <u>Id.</u> at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element

of the nonmoving party's claim. See Celotex, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. See id. at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. See, e.g., id. at 325; Little, 37 F.3d at 1075.

In its motion, BP argues that Plaintiffs' claims should be dismissed because Plaintiffs have released any rights they might have to sue BP or its contractors via the Economic and Property Damages Class Settlement that was approved in connection with 2010 *Deepwater Horizon/*Macondo Well Incident (hereinafter "Settlement Agreement").[3] This Court agrees.

The Settlement Agreement provides a three-step process for identifying eligible claims/class members. First, a claimant must reside in Louisiana, Mississippi, Alabama, and certain costal counties in Texas and Florida. Settlement Agreement §§ 1.1-1.2, No. 10-md-2179, Rec. Doc. 6430-1 (hereinafter "Settlement Agreement"). Second, the damage claimed must fall into a specific category outlined in the Settlement Agreement. Id. § 1.3. Third,

---

[3] See Order and J. Granting Final Approval of Econ. and Prop. Damages Settlement and Confirming Certification of the Econ. and Prop. Damages Settlement Class, In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010, No. 10-md-2179, Rec. Doc. 8139 (E.D. La. Dec. 21, 2012).

4

the claim cannot be one that is expressly excluded, reserved, or ineligible for payment under the Settlement Agreement. Id. §§ 2, 3. Plaintiffs in this case are (1) natural persons or entities domiciled in Plaquemines Parish, Louisiana; and (2) leaseholders of oyster leases located in Plaquemines Parish, Louisiana. Plaintiffs seek recovery for damage to their leasehold interests that occurred between July 31, 2010 and November 5, 2010, which is one of the damage categories specifically outlined in the Settlement Agreement. Id. § 1.3.1.1. Furthermore, no Plaintiff in this case has opted out of the settlement. See Jan. 3, 2013 Status Conf. Tr. 24:3-4, 7-8 (admitting that plaintiffs have not opted out of the settlement and stating that plaintiffs have also filed claims in the settlement program). Accordingly, Plaintiffs are class members whose claims are subject to and governed by the terms of the Settlement Agreement.

The Settlement Agreement provides that class members "release and forever discharge with prejudice, and covenant not to sue, the Released Parties for any and all Released Claims." Settlement Agreement § 10.1. A Released Claim includes "all claims arising out of, due to, resulting from, or relating in any way to, directly or indirectly, the Deepwater Horizon Incident." Id. § 10.2. A Released Party is defined, in pertinent part, as

"BP (including all persons, entities subsidiaries, division and business units comprised thereby) . . . any natural, legal or juridical person or Entity acting on behalf of or having liability in respect of BP or the Other Released parties." Id. § 10.3.

Plaintiffs' in this suit allege that between July and November 2010, certain dredges operating in connection with the Barrier Berm Project caused damage to their oyster leases. The evidence provided by BP in its motion and reply (as well as the evidence provided by Plaintiffs) demonstrates that the Barrier Berm Project was conducted in response to the 2010 BP oil spill. See, e.g., Ex. A to BP's Mot. for Summ. J., Letter from State of Louisiana, Rec. Doc. 141-4, p. 8 (requesting permission to proceed with the Barrier Berm Project in order to "reduce the inland movement of oil from the BP Deepwater Horizon Oil Spill."); Ex. A to BP's Mot. for Summ. J., Press Release from U.S. Army Corps of Engineers, Rec. Doc. 141-4, pp. 1-2 (explaining that it has granted Louisiana's Coastal Protection and Restoration Authority a permit to construct the temporary berms in response to their May 11, 2010 request); Ex. B to BP's Mot. for Summ. J., Letter from Federal On-Scene Coordinator to BP, Rec. Doc. 141-2, p. 1 (explaining that the Barrier Berm

Project has been approved as part of the oil spill response and directing BP to provide the necessary funding). Accordingly, the Barrier Berm Project "arose out of, was due to, resulted from, and directly related" to the *Deepwater Horizon/*Macondo Well Incident. Therefore, all of Plaintiffs' claims in relation to that project, i.e. all claims in this suit, also "arose out of, are due to, result from, and are directly related" to the *Deepwater Horizon/*Macondo Well Incident. Furthermore, the dredge owners and operators as well as the other Defendants in this case all performed their work "on behalf of" or "have liability in respect of" BP,[4] the entity funding the Barrier Berm Project as well as the rest of the clean-up and prevention efforts on the Gulf Coast. Ex. B to BP's Mot. for Summ. J., Letter from Federal On-Scene Coordinator to BP, Rec. Doc. 141-2, p. 1 (directing BP to provide the necessary funding for the Barrier Berm Project).[5] Thus, the claims asserted by Plaintiffs are "Released Claims" and the Dredge Defendants and other Third-Party Defendants, including BP, are "Released Parties." Consequently, Plaintiffs' exclusive

---

[4] Compare 33 U.S.C. 1321( c)(4)(A) (immunizing parties who act consistent with or at the direction of the Federal On-Scene Coordinator from liability for damages/removal costs, but holding the responsible party (i.e. BP) liable for those damages and removal costs).

[5] Funding was provided directly to the State of Louisiana and Louisiana then contracted with the Defendants named in this suit to perform the necessary work.

remedy is under the Settlement Agreement. Therefore,

**IT IS ORDERED** that BP's Motion for Summary Judgment and the Dredge Defendants' Motion for Joinder and Summary Judgment are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against all Defendants are **DISMISSED with prejudice**.

New Orleans, Louisiana this 20th day of May, 2013.

*[signature]*

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE